# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                              **Case No. 06-CR-140**

**LEE McGEE**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Lee McGee pleaded guilty to heroin distribution. 21 U.S.C. § 841(a)(1) & (b)(1)(C). The probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing, which set defendant's offense level at 16 (base level 24, U.S.S.G. § 2D1.1(c)(8), minus 2 under the safety valve provision, § 2D1.1(b)(9), minus 3 for mitigating role in the offense, § 3B1.2, and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an imprisonment range of 21-27 months under the advisory sentencing guidelines. Neither side objected to the PSR.

Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I imposed a sentence of 12 months and 1 day. This memorandum sets forth my reasons.

### I. SENTENCING FACTORS

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed–

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant.

## II. DISCUSSION

### A. Nature of Offense

Defendant, a heroin addict, became involved in a heroin distribution conspiracy headed by Greg Jackson. Both sides agreed that defendant's involvement stemmed from his own addiction, and that his role in the offense was limited. Essentially, he brokered deals and assisted Jackson in various ways as a means of obtaining heroin for himself. The specific count of conviction arose out of defendant's sale of three grams of heroin, which he apparently got from Jackson, to an informant. Defendant also obtained heroin from a man named Darryl

2

Hicks, whom he agreed to introduce to Jackson to further Jackson's dealings. The parties estimated a relevant conduct drug weight of 80-100 grams under U.S.S.G. §§ 1B1.3 & 2D1.1(c), a not insubstantial amount, however, there was no evidence that defendant was himself a large scale dealer or that he ever possessed a weapon or engaged in any violence or threats in connection with the offense.

B.    **Defendant's Character and Background**

Defendant was forty-five years old and had struggled with drug addiction for nearly seven years. He attempted treatment on his own three times before his arrest in the instant case, without any long-term success. His two previous contacts with the criminal justice system arose out of his drug problem. Defendant was convicted of disorderly conduct in 1999 arising out of a fight with his ex-wife at the tail end of their ten-year marriage, which fell apart because of his drug use.[1] He was also convicted of heroin possession in state court arising out of an incident from May 2006, shortly before his arrest in this case.

Since his arrest in June 2006, defendant turned things around. He completed a ninety day in-patient treatment program at Genesis and had been clean ever since. According to his counselors, his prognosis was good. Defendant was at the time of sentencing living with and caring for his elderly and infirm mother. His family members all had good things to say about him and pledged support when he completed his sentence. He fully complied with all conditions of pre-trial release and provided all information he had about the case to the government.

Defendant's history revealed that he was a productive member of society when sober.

---

[1] The court imposed a small fine on this offense.

3

He graduated high school, completed some college and compiled a solid employment record, working as a car salesman for many years. He was the father of two children, who lived with defendant's ex-wife.

**C.     Purposes of Sentencing**

Given his history and background, I saw no indication that defendant was dangerous or a risk of recidivism, if he stayed sober. His recent progress in treatment and maintenance of sobriety suggested that he would not return to crime. However, there was a need for some confinement to promote respect for the law and deter others. Heroin is a potentially deadly drug, which causes great harm to the community. Defendant's rehabilitative needs obviously included drug treatment.

**D.     Guidelines**

The guidelines called for a term of 21-27 months, but I found this range somewhat greater than necessary to satisfy the purposes of sentencing. First, defendant posed no threat to the public, assuming he maintained sobriety. See 18 U.S.C. § 3553(a)(2)(C). His solid employment record and lack of any criminal contacts prior to the commencement of his drug problem in 1999 demonstrated as much. Defendant's performance in treatment and maintenance of sobriety while on pre-trial release further convinced me that a guideline prison term was not necessary to protect the public. Nevertheless, I required that defendant continue treatment as part of his supervised release conditions to assure that he did not relapse.

Second, defendant had never before been to prison. "Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to

4

re-offend." United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005). I concluded in the present case that a term below the range would be sufficient to deter defendant from future violations of the law. See 18 U.S.C. § 3553(a)(2)(B).

Third, I considered defendant's importance to his elderly mother, who suffered from heart problems. See 18 U.S.C. § 3553(a)(1). Defendant lived with his mother, and she was dependent upon him. She advised the PSR writer that she may have to sell the house she had lived in for thirty-three years and move into a nursing home if defendant were imprisoned. Defendant had two other siblings living in the area, whom I believed could assist their mother in the short term, but defendant's presence was obviously very important. Because the purposes of sentencing did not otherwise require a lengthy prison term,[2] I considered defendant's mother's needs, as well.

Finally, I considered the below-guideline sentence I had previously imposed on a co-defendant, Mark Garbo. I found these two defendants similarly situated in all material respects: both pled guilty to heroin distribution under § 841(b)(1)(C), they had identical guideline ranges, and both became involved in the broader conspiracy in order to feed their own heroin addictions. Both then took full advantage of the treatment opportunities afforded them as part of their pre-trial release. See 18 U.S.C. § 3553(a)(6).[3]

---

[2]Although heroin distribution is undoubtedly a very serious crime, defendant's role in the instant offense was, as discussed above, mitigated. Therefore, a prison term below the range did not unduly depreciate the seriousness of the offense. See 18 U.S.C. § 3553(a)(2)(A).

[3]The Seventh Circuit has disfavored consideration of the sentences of co-defendants under § 3553(a)(6), noting that doing so could actually increase disparity nation-wide. See United States v. Pisman, 443 F.3d 912, 915 (7th Cir. 2006); see also United States v. Boscarino, 437 F.3d 634, 637-38 (7th Cir. 2006) (noting that consideration of co-defendant disparity had been forbidden under the mandatory guideline regime, but that "Booker turns rules into standards, and [this] rule . . . is one of those that have been transfigured"). The

5

## III. CONCLUSION

Under all of the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary. This sentence provided sufficient punishment and deterrence, while recognizing defendant's low risk of recidivism and the steps he had taken to turn his life around. This was also the sentence I had imposed on co-defendant Garbo.

Because the sentence was supported by the particular facts of the case and grounded in the § 3553(a) factors, it did not create unwarranted disparity. There is a tendency to equate compliance with the § 3553(a)(6) admonition to avoid unwarranted disparity with fealty to the guidelines. See generally United States v. Wurzinger, 467 F.3d 649, 653-54 (7th Cir. 2006) (quoting Boscarino, 437 F.3d at 638) (stating that "in most cases 'disparities are at their ebb when the Guidelines are followed'"). However, courts must be careful, post-Booker, not to re-impose mandatory or near mandatory guidelines under the guise of avoiding disparity. More importantly, § 3553(a)(6) refers only to unwarranted disparity. In my view, a disparity between the sentences of two similarly situated defendants will, under the Booker advisory guideline regime, be unwarranted only if the judge fails to provide sufficient reasons for the difference, grounded in the § 3553(a) factors. See Webster's New College Dictionary 1211 (1995) (defining "unwarranted" as "having no justification; groundless"). Variance from the guidelines alone cannot be equated with unwarranted disparity. In any event, the instant sentence varied modestly from the advisory range.

---

court's concern may be well-grounded when, as in Boscarino, there are material differences between the two defendants, i.e. if one has cooperated while the other has not, or one went to trial while the other pleaded guilty. Sentence disparity grounded in such differences would not be unwarranted. In the present case, there were no material differences between defendant and Garbo. In any event, the sentence I imposed on defendant was justified based on his specific, individual circumstances, without consideration of Garbo's sentence.

6

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day. I further ordered him to serve a three year supervised release term, with a drug testing and treatment condition. Other conditions appear in the judgment

Dated at Milwaukee, Wisconsin, this 19th day of March, 2007.

/s Lynn Adelman

_____

LYNN ADELMAN
District Judge